**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES LEE COVINGTON,

Defendant-Appellant.

No. 08-7091
(D.C. No. 6:07-CR-00070-JHP-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

---

James Lee Covington pleaded guilty to possessing an unregistered firearm.

Under the terms of his plea agreement, Mr. Covington waived "the right to appeal

[his] sentence on any ground, except to challenge an upward departure from the

applicable guideline range as determined by the Court." Plea Agreement at 7,

para. 19. The district court determined the applicable sentencing range to be

121 to 151 months and sentenced Mr. Covington to the statutory maximum

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence of 120 months in prison. Despite waiving his appellate rights, Mr. Covington thereafter filed an appeal, prompting the government to seek to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Covington's lawyer subsequently filed a response to the government's motion to enforce stating his belief that the appeal waiver was enforceable, citing *Anders v. California*, 386 U.S. 738 (1967). We afforded Mr. Covington an opportunity to file a pro se response on his own behalf, but to date, he has failed to respond.

Under *Hahn*, we will enforce an appeal waiver if: (1) "the disputed appeal falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. A miscarriage of justice occurs when (1) the district court relies on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, i.e., the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327.

Based on the government's motion to enforce, defense counsel's response, and our independent review of the record, we conclude that the *Hahn* factors are satisfied. Mr. Covington was sentenced below the applicable guideline range, at the statutory maximum. He acknowledged during the plea colloquy and in his

written plea agreement that he was knowingly and voluntarily waiving his appellate rights. And nothing in the record indicates that enforcing the waiver would result in a miscarriage of justice. Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM